IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CHRISTINE M.,

                         Plaintiff,

          v.                                    Civil Action No.
                                                8:20-CV-1494 (DEP)


KILOLO KIJAKAZI, Acting Commissioner
of Social Security,[1]

                         Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

ANDERSON LAMB & ASSOCIATES      ARTHUR P. ANDERSON, ESQ.
P.O. Box 1624
Burlington, VT 05402-1624


FOR DEFENDANT

SOCIAL SECURITY ADMIN.          JAMES J. NAGELBERG, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

---

[1]   Plaintiff's complaint named Andrew M. Saul, in his official capacity as the Commissioner of Social Security, as the defendant. On July 12, 2021, Kilolo Kijakazi took office as the Acting Social Security Commissioner. She has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[2]  Oral argument was conducted in connection with those motions on February 17, 2022, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by

---

[2]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

reference, it is hereby

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)    The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)    The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:      February 22, 2022
            Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------x
CHRISTINE M.,

                            Plaintiff,

vs.                                  8:20-CV-1494

KILOLO KIJAKAZI, in her capacity as
Acting Commissioner of the Social Security
Administration,

                            Defendant.
--------------------------------------------x

        Transcript of a **Decision** held during a

Telephone Conference on February 17, 2022, the

HONORABLE DAVID E. PEEBLES, United States Magistrate

Judge, Presiding.

                A P P E A R A N C E S

                  (By Telephone)

For Plaintiff:        ANDERSON LAMB & ASSOCIATES
                      Attorneys at Law
                      P.O. Box 1624
                      Burlington, Vermont 05402-1624
                        BY:  ARTHUR P. ANDERSON, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of General Counsel
                      J.F.K. Federal Building
                      Room 625
                      Boston, Massachusetts  02203
                        BY:  JAMES J. NAGELBERG, ESQ.


                *Jodi L. Hibbard, RPR, CSR, CRR*
            *Official United States Court Reporter*
                  *100 South Clinton Street*
                *Syracuse, New York  13261-7367*
                      *(315) 234-8547*

1          (The Court and all counsel present by

2      telephone.)

3          THE COURT:  Let me begin by thanking both counsel

4  for excellent written and verbal presentations.  I found this

5  to be an interesting case and a close case, quite honestly.

6          Plaintiff has commenced this proceeding pursuant to

7  42 United States Code Section 405(g) to challenge a

8  determination by the Acting Commissioner of Social Security

9  finding that she was not entitled to the disability benefits

10  for which she applied.

11          The background is as follows:  Plaintiff was born

12  in March of 1973 and is currently 49 years of age.  She was

13  43 years old at the time of the alleged onset of her

14  disability on July 8, 2016.  Plaintiff stands 5 foot 1 inch

15  in height, weighs approximately 115 pounds.  Plaintiff lives

16  in Peru, New York alone in some sort of duplex residence.

17  She is separated from her husband.  She also has one adult

18  daughter.  Plaintiff attended high school and has what I

19  would assume are associate degrees following two years of

20  college studying math and science, business and nursing.

21  Plaintiff is right-handed.  Plaintiff has no driver's license

22  because of multiple driving while intoxicated charges.  She

23  intends to reapply for her driver's license.  Plaintiff

24  stopped working in July of 2016.  Her work history is

25  primarily that of a registered nurse in various hospital,

1    nursing homes, and hospice settings.

2           Plaintiff suffers from mental impairments including
3    bipolar disorder which has been described as rapidly cycling,
4    attention deficit and hyperactivity disorder, and generalized
5    anxiety disorder.  She experiences visual and audio
6    hallucinations including believing she sees bugs on the floor
7    and hears voices.  Plaintiff was hospitalized involuntarily
8    for two days in 2014 for various reasons, including alcohol
9    use and overdose.  She was also taken to the emergency room
10   of a hospital in August of 2015 due to alcohol intoxication.

11          Physically, plaintiff has a history of back pain
12   but that does not appear to be the focus of plaintiff's claim
13   for disability benefits.

14          Plaintiff has undergone treatment from various
15   sources, including Nurse Practitioner Sarah Howell who she
16   began seeing in November 2018, RPA Robin Hinson, Dr. Taher
17   Zandi from January '18 forward.  Dr. Zandi tested, he is a
18   neuropsychologist and tested plaintiff on three occasions.
19   The plaintiff also has seen a behavior medicine specialist
20   NPP Jennifer Kanaly who she saw four times from January
21   through March of 2018, and LMSW Leticia Ferby who she saw
22   three times.  She receives some sort of home counseling
23   weekly.

24          Plaintiff has been prescribed various medications
25   including Adderall, Depakote, Klonopin, trazodone, Vraylar,

1    and medicines have been described as helping her conditions

2    somewhat.

3           Activities of daily living of the plaintiff include

4    the ability to dress, bathe, groom, do household chores,

5    watch television, walk her dog, she works in the garden, and

6    she can use the microwave.

7           Plaintiff had drug and alcohol problems in the

8    past.  She last consumed alcohol, according to her, in May of

9    2016.

10          Procedurally, plaintiff made an earlier application

11   in April of 2018.  That application was denied and a request

12   to reopen that earlier application was denied by the

13   administrative law judge in this case.  On October 2, 2018,

14   plaintiff applied again under Title II for disability

15   benefits, alleging an onset date of July 8, 2016 and arguing

16   that she was disabled on the basis of her bipolar disorder

17   and ADHD.  A hearing was conducted on October 16, 2019 with a

18   vocational expert by Administrative Law Judge Asad M.

19   Ba-Yunus.  On November 7, 2019 the administrative law judge

20   issued an unfavorable decision which became a final

21   determination of the agency on October 6, 2020 when the

22   Social Security Administration Appeals Council denied

23   plaintiff's application for review.  This action was

24   commenced on December 4, 2020, and is timely.

25          In his decision, the ALJ applied the familiar

1    five-step sequential test for determining disability.  He

2    found at step one, after concluding that plaintiff was last

3    insured on December 31, 2021, that plaintiff had not engaged

4    in substantial gainful activity since July 8, 2016.

5         At step two, he concluded that plaintiff suffers

6    from severe impairments that impose more than minimal

7    limitations on her ability to perform basic work functions

8    including bipolar disorder and ADHD, rejecting alcohol abuse

9    as an additional severe impairment.

10        At step three, the ALJ concluded plaintiff's

11   conditions do not meet or medically equal any of the listed

12   presumptively disabling conditions set forth in the

13   Commissioner's regulations, specifically considering Listings

14   12.04 and 12.06.

15        The ALJ next concluded that notwithstanding her

16   impairments, plaintiff retains the residual functional

17   capacity or RFC to perform the full range of work at all

18   exertional levels with the following nonexertional

19   limitations:  The plaintiff may perform unskilled simple

20   routine tasks and may have occasional interaction with

21   coworkers and the general public and can tolerate occasional

22   changes to a routine work setting.  Applying that RFC

23   finding, the ALJ concluded that plaintiff, at step four, is

24   incapable of performing her past relevant work.

25        At step five, noting the shifting of burdens, the

1    administrative law judge concluded based upon the testimony

2    of the vocational expert that plaintiff is capable of

3    performing available work in the national economy including

4    as a hand packager, industrial cleaner, and dishwasher and

5    therefore concluded that she is not disabled.

6              As you both know, the court's function is limited

7    in this case to determining whether correct legal principles

8    were applied and whether the result is supported by

9    substantial evidence, defined as such relevant evidence as a

10   reasonable mind would find sufficient to support a

11   conclusion.  As the Second Circuit has noted in *Brault v.*

12   *Social Security Administration Commissioner*, 683 F.3d 443

13   from the Second Circuit 2012, this is an extremely

14   deferential standard, more so than the clearly erroneous

15   standard that lawyers are familiar with.  Under the

16   substantial evidence standard, once an ALJ makes a finding,

17   that finding may be rejected only if a reasonable fact finder

18   would have to conclude otherwise.

19             In this case, plaintiff makes two basic

20   contentions:  First, arguing that the residual functional

21   capacity is lacking because there is no limitation associated

22   with plaintiff's being off task and absent and there is no

23   discussion by the ALJ concerning that subject; secondly, she

24   challenges the weight afforded by the ALJ to Dr. Zandi's

25   opinions and seeks a remand with a directed finding of

1    disability arguing that there is persuasive proof in the

2    record to establish disability.

3            Turning first to the off-task and absence issue.

4    Admittedly, there's no finding or limitation in the RFC

5    concerning those issues, nor is there any direct discussion

6    of the issues.  There are several opinions in the record that

7    speak to the issue.  Those opinions of course are subject to

8    evaluation under the new regulations.  Under those

9    regulations an ALJ does not confer or give any specific

10   evidentiary weight, including controlling weight, to any

11   medical opinions or prior administrative medical findings

12   including those from a claimant's medical sources.  Instead,

13   the ALJ must consider those medical opinions using factors

14   that are set out including particularly supportability and

15   consistency of the medical opinions.  The ALJ must articulate

16   how persuasive he or she found each medical opinion and must

17   explain how he or she considered the supportability and

18   consistency of those medical opinions.  The ALJ may also, but

19   is not required, to explain how he or she considered the

20   other relevant factors as appropriate in each case.  20

21   C.F.R. Section 404.1520c(b).

22           Supportability is defined under the regulations as

23   follows:  The more relevant the objective medical evidence

24   and supporting explanations presented by a medical source are

25   to support his or her medical opinions or prior

1   administrative medical findings, the more persuasive the

2   medical opinions or prior administrative medical findings

3   will be.  Consistency is defined as the more consistent a

4   medical opinion(s) or prior administrative medical finding(s)

5   is or are with the evidence from other medical sources and

6   nonmedical sources in the claim, the more persuasive the

7   medical opinions or prior administrative medical findings

8   will be, and that appears at 20 C.F.R. Section 404.1520c(c).

9        Of course the weight to be given to conflicting

10  medical opinions is a matter entrusted to the administrative

11  law judge, *Veino v. Barnhart*, 312 F.3d 578, from the Second

12  Circuit 2002.

13       The first opinion that speaks to -- not the first

14  chronologically, but one opinion that speaks to the issue of

15  off task and absenteeism at least indirectly is from Dr. H.

16  Ferrin, a state agency consultant.  His opinions are from

17  December 17, 2019 and appear in the record at administrative

18  transcript 91 through 103.  In his mental RFC conclusion,

19  Dr. Ferrin did state, among other things, that the claimant

20  can maintain adequate attention and concentration to complete

21  work-like procedures and can sustain a routine.  He did note

22  some difficulty in socialization and adaptation.  In the

23  worksheet, interestingly, on page 99, Dr. Ferrin found that

24  plaintiff is moderately limited in her ability to complete a

25  normal workday and workweek without interruptions from

1    psychologically-based symptoms and to perform at a consistent

2    pace without an unreasonable number and length of rest

3    periods.

4          Another opinion was given on the issue by Dr. Brett

5    Hartman on November 28, 2018.  I should say that Dr. Ferrin's

6    opinion was found partially persuasive by the administrative

7    law judge.  Dr. Hartman's opinion appears at 541 to 545.  It

8    was found partially persuasive.  Dr. Hartman in his medical

9    source statement found moderate to marked difficulty

10   sustaining concentration, moderate to marked difficulty in

11   regulating her emotions, she has a marked difficulty in

12   sustaining an ordinary routine due to mood swings.

13         Nurse Practitioner Sarah Howell gave an opinion on

14   October 6, 2019 that appears at page 800 to 801.  In that

15   opinion, Nurse Practitioner Howell concluded that plaintiff

16   would miss upwards of 75 percent of the time due to her mood

17   swings and would only be on task two out of eight hours with

18   frequent breaks.  That opinion is found by the administrative

19   law judge not to be persuasive based on treatment notes and

20   plaintiff's activities of daily living.

21         Dr. Zandi issued three opinions, one on June 1,

22   2018, appears at page 426 to 443.  I did not find any opinion

23   that directly spoke to work activities directly.  It was

24   found to be not persuasive by the administrative law judge

25   and of limited use.

1          On November 15, 2018, Dr. Zandi issued a second

2    opinion at page 804 to 809, finding that plaintiff would be

3    off task more than 20 percent of the time.  She does not have

4    the ability to concentrate and focus on job tasks for

5    two-hour periods and would need extra breaks.  That was found

6    to be only partially persuasive.

7          On August 27, 2019, Dr. Zandi issued another

8    opinion at pages 787 to 799, found partially persuasive.  In

9    it he noted some improvement in cognitive areas, no

10   improvement in emotional aspects, and stated that plaintiff

11   cannot sustain a routine.  The administrative law judge

12   acknowledged Dr. Zandi's opinion concerning plaintiff's

13   inability to maintain concentration and complete work-like

14   procedures and sustain a routine, but does not discuss why it

15   was not included in the RFC.

16         I find this to be a very close case and of course

17   it is not the court's function to reweigh these opinions.

18   However, and I acknowledge the cases that suggest that the

19   opinion of Dr. Ferrin can be given more weight than another

20   opinion because Dr. Ferrin is a qualified expert in the field

21   of Social Security Disability such as *Sonjah H. v. Berryhill*,

22   2019 WL 936630, from the Northern District of New York, 2019.

23   However, Dr. Ferrin did note at least some deficit in this

24   area.  It is a critical area that should have been addressed.

25   I agree with my colleague and good friend, retired Magistrate

1    Judge John M. Conroy, who in *Nicholas L. v. Commissioner of*

2    *Social Security*, another case involving a plaintiff,

3    parenthetically, represented by Mr. Anderson, 2020 WL 91025

4    from the District of Vermont 2020, that because this issue

5    was front and center and was even identified by the

6    administrative law judge both in his hypothetical to the

7    vocational expert and in his opinion, there should have been

8    a more fulsome discussion as to why implicitly from his RFC

9    he did not find, he did not agree and rejected the suggestion

10   that plaintiff would be off task and/or absent to an extent

11   that would preclude work activities.  Judge Conroy noted in

12   that decision, like in this case, that the ALJ apparently

13   rejected these critical opinions without analysis because he

14   did not include limitations regarding being off task,

15   additional breaks, or work absences in the RFC determination.

16          The opinion of Dr. Ferrin that plaintiff would be

17   moderately limited in her ability to complete a normal

18   workday and workweek without interruptions is not wholly

19   inconsistent with these other opinions, as District Judge

20   Charles Siragusa noted in *Bruner v. Colvin*, 2017 WL 4215942

21   from the Western District of New York 2017.

22          So I do find error to the extent that the

23   administrative law judge did not explain his reasoning for

24   rejecting these opinions which all uniformly say that

25   plaintiff, because of her rapidly cycling bipolar disorder,

1    has at least some deficit in her ability to maintain

2    concentration and attention and keep to a routine schedule.

3    I don't, as plaintiff argues, I do not find persuasive proof

4    of disability in this case, nor am I reweighing the medical

5    opinions in the record, that is clearly a matter for the

6    Commissioner.  But I do find that there is a need for more

7    explanation so that the court can meaningfully review the

8    determination and ensure that it is supported by substantial

9    evidence, so I will vacate the Commissioner's determination

10   and remand the matter for further consideration, and

11   specifically for consideration of plaintiff's ability to

12   maintain concentration and attention and to keep a schedule.

13            Thank you both for excellent presentations, I hope

14   you have a good afternoon.

15            MR. ANDERSON:  Thank you, your Honor.

16            MR. NAGELBERG:  Thank you, your Honor.

17                 (Proceedings Adjourned, 12:04 p.m.)

18

19

20

21

22

23

24

25

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5     Official Realtime Court Reporter, in and for the

 6     United States District Court for the Northern

 7     District of New York, DO HEREBY CERTIFY that

 8     pursuant to Section 753, Title 28, United States

 9     Code, that the foregoing is a true and correct

10     transcript of the stenographically reported

11     proceedings held in the above-entitled matter and

12     that the transcript page format is in conformance

13     with the regulations of the Judicial Conference of

14     the United States.

15

16                         Dated this 18th day of February, 2022.

17

18

19                         /S/ JODI L. HIBBARD

20                         JODI L. HIBBARD, RPR, CRR, CSR
                           Official U.S. Court Reporter
21

22

23

24

25
```